**Sherab TOPJOR, Choeden Zomkyi Petitioners,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Nos. 03–4652, 03–4654.**

United States Court of Appeals, Second Circuit.

June 17, 2005.

Gary J. Yerman, New York, NY, for Petitioners.

John W. Suthers, Assistant United States Attorney (Mark S. Pestal, United States Attorney for the District of Colorado, on the brief), United States Attorney's Office for the District of Colorado, Denver, CO, for Respondent.

Present: CABRANES, RAGGI, Circuit

Judges, and SAND, District Judge.*

## SUMMARY ORDER

**UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED.**

Sherab Topjor, a native of Nepal, and his wife Choeden Zomkyi, a native of India, petition this Court for review of a March 10, 2003 order of the Board of Immigration Appeals ("BIA") summarily affirming an April 12, 2000 oral decision of an immigration judge ("IJ"). At the immigration hearing, Topjor testified that he had been arrested and detained on three occasions by police officers in India and Nepal because of his involvement in demonstrations protesting the killing of Tibetans. Topjor asserted that during one of these detentions, he was beaten at the hands of Nepalese police. Topjor further testified that he had been blacklisted by the governments of India and Nepal and that he and his wife could not safely return to either country.

The IJ pretermitted petitioners' application for asylum because it was filed more than one year after their arrival in the United States. The IJ granted petitioners' request for withholding of removal to the People's Republic of China but denied their requests for withholding of removal to India and Nepal based, *inter alia,* on her finding that Topjor had not credibly established that he would face a "clear probability" of persecution upon his return. The IJ also denied petitioners' request for withholding of removal under the Convention Against Torture (CAT).

Petitioners assert that the IJ erred in not articulating the basis for her conclusion that petitioners had a firm resettlement offer in Nepal, and in mischaracterizing portions of Topjor's testimony. Because petitioners' asylum claims were time-barred, and they seek withholding of removal relief pursuant to 8 U.S.C. § 1231(b)(3), they must meet the heavy burden of proving that upon their return, they would "more likely than not" be persecuted on the basis of race, religion, nationality, membership in a particular social group, or political opinion. *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321; *Melgar de Torres v. Reno,* 191 F.3d 307, 311–12 (2d Cir.1999) (applying a "clear probability" standard for withholding of deportation relief). In the absence of such a showing, the IJ must deny petitioners' application for withholding of removal, regardless of whether they have a firm resettlement offer in Nepal. Moreover, even if petitioners had firmly resettled in Nepal, this would not have prevented them from applying for withholding of removal. *See Salazar v. Ashcroft,* 359 F.3d 45, 52 (1st Cir.2004) ("Although firm resettlement is, by regulation, a bar to the grant of asylum, we have found no statute or regulation that bars the relief of withholding of deportation on the basis of firm resettlement."); *Elzour v. Ashcroft,* 378 F.3d 1143, 1149 (10th Cir.2004) (firm resettlement does not bar withholding claims).

We defer to the IJ's factual findings if they are supported by substantial evidence, *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003), affording "particular deference" to credibility determinations, *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997). Under the substantial evidence standard, "we will not disturb a factual finding if it is

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Chen,* 344 F.3d at 275 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

Upon our review of the record, we hold that the IJ's determination—that petitioners failed to establish either past persecution or a clear probability of future persecution based on their status as Tibetan refugees and activists—is supported by substantial evidence. The IJ's conclusion was based, *inter alia,* on her findings that Topjor had offered evasive and inconsistent testimony concerning the legal status of Tibetan refugees in India and Nepal, had provided only vague and limited testimony concerning his alleged beating at the hands of Nepalese police officers, had provided no documentation to substantiate his alleged deportation from India, and had been issued valid travel documents by the Nepalese government. Accordingly, we affirm the IJ's denial of Topjor and Zomkyi's applications for asylum, her denial of their requests for withholding of removal with regard to India and Nepal, and her denial of their CAT withholding claims.

\*    \*    \*    \*    \*    \*

Having considered all of petitioners' arguments and found each of them to be without merit, we **DENY** the petition for review.